Case number two three five seven six six and five seven seven three United States of America versus Douglas Vance and Molly McKinnon argument not to exceed ten minutes for each defendant and 20 minutes for plaintiff. Mr. Matthew Robinson You may proceed for the appellant Good morning, your honors and may it please the court. My name is Matthew Robinson On behalf of the appellant Doug Douglas Vance, it's like you're both reserving two minutes for rebuttal. Yes, your honor I'd like to there's a few arguments raised in the opening brief. We're not waiving any of those arguments, but I would like to focus on the first grounds for relief and one Round in on on sentencing, of course, your honors can ask me whatever questions you would like and I'll try to answer them best I can not shy Appellants, right. Mr. Vance's right to trial was violated in this instance under chambers for a few reasons, but mainly there's a Item that was crucial to his defense. Mr Vance's defense at trial was that he was just unaware of the fraudulent activities that were going on that. Miss McKinnon had engaged in Miss McKinnon did testify later at trial that she was unaware and that she did a lot of these things without his knowledge However, there's a letter that she rent wrote to him early on in the investigation when this When the investigation became apparent which basically absolves mr Vance as well and it would have corroborated all of his testimony. That letter was kept out at trial For a few reasons one The appellant didn't try to raise this in his case in chief. However, that wasn't wasn't part of his case in chief It was part of his co-defendants case in chief. It was her letter that she had written It was something that she was going to be raising and he knew about it But it could have been a strategic error not to raise your client tried to introduce the letter After it was became apparent that miss McKinnon's testimony about the information in the letter would not be permitted So she was going to testify as to her defense She did present her testimony, but she was unable to present the letter that also supported it which was written, you know years if not months, if not a year's earlier prior to her testimony and You know that your argument that we can review the letter Is that it was properly properly introduced in the district court or even if it wasn't properly introduced There are other reasons why we should consider the issue. I Think the best argument I would say sure it's properly introduced But I think that's the weakest argument because he should have raised it and in his case in chief potentially, however because of the situation There were you know, they're the the issue was not just hearsay You know the court excluded this on a hearsay issue McKinnon was available to testify about this This is a letter she had written. She was it wasn't her hearsay. It was hearsay if he's admitting it Also Excluded because it wasn't disclosed properly in discovery. That's that's one of the issues and and when we challenge in your brief Yes, that was wrong We do and if I didn't challenge it in a way that was clear and sufficient to the court. We didn't waive it Potentially I forfeited it by making a mistake and not addressing that issue, but I addressed it thoroughly in the reply brief And I did note that this was an issue that shouldn't have been an issue at all because The government was aware of this in This document there was testimony about the letter before they tried to admit it and it was coming from the government and agent Hubbock Had it was aware of it. So they were aware of the letter They may not have been in possession of it. But again, it wasn't the defendants job to To provide this in discovery, it was McKinnon's letter. It was her case in chief. This was not his case in chief this was going to be brought up during the cross-examining of Presumably of McKinnon after or and introduced in into evidence by McKinnon when she was going to testify so, you know when I Think might follow your preservation argument. Mm-hmm. Here's a point. I it was introduced late. So are you are you asking us to sort of? Invoke a miscarriage of justice actual innocence Exception or is that the base of what we should be looking at? Well when we get down to the to to the brass tacks about this The issue becomes an issue of fair trial and due process it Eliminated, you know the overriding whether or not it was hearsay or not or You know, it needed to be brought up because it was crucial evidence That was crucial to the defense the co-defendant was there to verify that she had written the letter the judge determined It wasn't basically not Reliable enough to be introduced as evidence But that's the jury's determination to make if the jury's going to look at this evidence and determine whether or not something's reliable or not You know, that's the the jury's determination not the courts and I think that's where the error was made here I think there's a lot of issues that are rolled up into one the failure to disclose the the hearsay issue But when it comes down to it, this is two co-defendants are going to trial together They both are aware of this letter one co-defendant wrote this letter. She McKinnon wrote this she now to to be fair The court talks about the fact it's not reliable be limiting principle to this argument In other words if a piece of evidence isn't admitted at the right time Defendant doesn't make objection at the right time. There's always a due process sort of backstop But I think you have to show that it's nothing special about the facts of this case This is or is or are there is this just sort of a general? I think I would look to the chamber's decision for that limitation because I think that it spells it out I think it has to be crucial to the defense and there has to be you know at some sort of Unfairness that occurs as a result that evidence not being presented and I think here the unfairness is the jury was deprived of Facts that it could have determined whether or not it was reliable or not. They could have still returned a guilty verdict I don't know The the fact that letter existed and the facts there were facts in the letter that That that weren't permitted to be Brought out by miss McKinnon during her testimony that would have and more importantly it corroborates his testimony at this trial It fully almost Explains why mr. Vance is left in the dark as to his co-defendants Activities and she explains it in that letter that was never relayed to the jury What the jury heard was he didn't know about it. Mr. Vance didn't know about these things I was doing not why he didn't know about them. I got him. I have a one minute left. I just want to touch on the amount of loss finding if I may The amount of loss finding was Exaggerated I Only because there was there's definitely better evidence to go at least two points lower The court found this was between 1.5 million and 3.5 million dollars The timing was off the court found a different starting point for the amount of loss than what was listed in the PSI I was off by about a year almost and that caused that amount of loss to be inflated in addition to the fact that Missing her name at the moment One of the victims testified and wrote victim impact letters saying I'm not a victim That I didn't lose money and and in fact the pre-sentence report has amount of loss. That's $450,000 less than what the court applied to her at sentencing and she claims not to be a victim With that in mind, I believe that changes the calculation with respect to relevant conduct. Oh Thank you very much. Thank you your honors Co-counsel Good morning, your honors may it please the court Gregory Napolitano for appellant McKinnon Like Co-counsel, we have briefed three issues for the courts consideration We're going to try to focus on the first of those issues today. We may get to some of the sentencing matters if time permits But with respect to the first issue it concerns Miss McKinnon's testimony her oral testimony and More specifically oral testimony. She was prohibited by the district court from rendering In our brief we address this in a more linear fashion We attack it in the way that the court did looking at the singleton factors then moving through a couple of other arguments There are three ways that we think this ought to have come in But I'm going to start I think for purposes of discussing this with the court today with where the district court ended Which was at sentencing and in imposing an obstruction of justice Enhancement on miss McKinnon the court noted that the testimony that was prohibited was relevant And and I'm quoting here would have affected the outcome of the case if believed That really cuts to the heart of the argument before the court today your honor because I think what happened below was The discussion may have gotten mired in the applicability or lack of applicability of an affirmative defense but there was light between the resolution of that question and the resolution of the question as to whether the testimony that ms. McKinnon wished to Present which was relevant and would have affected the outcome of the case and you don't need to believe me. That's that's judge Reeves talking Ought to have been heard by the juror, you know, we cite in our brief Well trodden law that speaks to How fundamental that is to the fifth and sixth amendment and that penumbra of rights of being able to speak for yourself to answer? The charges the government has against you my understanding was you wanted to enter that testimony to support a duress? Defense for McKinnon, is that right? Well, I think that's the way that it was it was requested to be proffered by the district court the district court specifically against objection required a proffer for her testimony to come in and phrase the court and and ask the the defense counsel to phrase comments with regard to a Necessity duress defense, which is an affirmative defense There's some discussion in the briefing that I think that's a little bit of a square peg in a round hole Relative to the charges that ms. McKinnon face that is born out of some case law that deals with 922 G and not a specific Intent crime to be guilty of 922 G Singleton and the Singleton factors is a 922 G case you need to have knowledge of two things that you're prohibited person And that you have a weapon that you possess a weapon Did you ask the district court that this testimony should have been admitted for other reasons outside of a duress defense? I I was not a trial Did Counsel was it my understanding is like you said there was a proffer there was an objection to having to make a proffer But but that it was it was about whether this testimony could come in for a duress defense. Was there an indication to the to the district court judge that the defense Wanted to use this testimony for other purposes Well, I think I think there is was there a specific discussion on the record I didn't see that I didn't see that that there was a specific discussion in the record relative to it being a part of the defense But your honor, I would submit that it doesn't need to be Defendant can speak to the charges can defend herself with regard to charges can tell her story. It must be relevant Right. It must not be unrelated And then it's for the jury to determine what the effect of that is the court would advise the the jury as to whether what The defendant had to say even if relevant presented an affirmative defense or otherwise Prohibited the government from from proving beyond reasonable doubt that all the elements had been met and that's where that fits in here I think unquestionably And the government knew that and the government took advantage of the void that it was created the government actually Argued to the jury that they could infer the final prong of the the element of the crime The purpose for which the actions were taken and ms. McKinnon on the stand Admitted to taking several actions and she told the court or she told the jury, excuse me That she did so at the direction of Chamblee, but that doesn't necessarily Change the outcome and in fact the government said look that doesn't get her off the hook You know if if if mr. Chamblee, we don't believe he is but if he's an unindicted co-conspirator and she's following his direction You can still find her guilty of this crime She had an answer for that and the answer for that was I didn't do it to assist in The purpose of defrauding these people I did it for self-preservation, which is the language that the law speaks of and that goes really to the heart of one's ability under the State of mind or so what her why the reason for her acting what she was thinking And I don't know she was prohibited from testifying to that She was prohibited from testifying to a formal Duress defense, but there were other things that that's as far as the order went. It didn't go beyond that I thought the order was pretty plenary and I think the court made itself very clear your honor that she was not to speak about You weren't there. I wasn't there. So I apologize. That's okay. But we're so we're reading the record says We're reading the same language and it says you you know, the testimony says I won't allow you to Present testimony to the jury with respect to the prima facie case for duress So, you know that could be read to say you can present you can present the same testimony for different purposes For example your state of mind what you believed You're saying your argument is that was a that that was a clear prohibition Everyone in the courtroom understood that that meant that totally tied her hands to testify and anything about what was in her mind But why she was doing what she was doing that. I think that's a fair reading your honor I understand there could be other readings But I think that is a fair reading of the proceedings and I think that that's how all counsel operated There and you may have to refresh my recollection of this of this six day of trial But say like okay if it can't come in for the prima facie case, we still want to offer it for You know to impeach credibility of mr. Chamblee or to Talk about state of mind as judge Rayler just said was was there any? Discussion of that or asked that she could testify for other purposes. I don't believe the issue was raised again Your honor the testimony of Chamblee had occurred two or three days prior to the court's ruling So the the government and my third argument in support of this she actually meets the singleton factors So even if you apply the affirmative defense test, I do think that the two prongs that the the district court found lacking Were sufficiently met the letter that co-counsel was discussing is one of the actions that miss McKinnon took to try to reasonably disengage herself from From the activity she sent this letter and in the context of the letter. It's relevant for this purpose She says look I'm doing this because I'm under duress and that's four years before the trial testimony That's not something that they sort of cooked up Had begun I Believe after the investigation had begun. I'm not sure if it was as to her It may have begun as to Vance and that's why she sent the letter I don't know whether she knew she was under investigation. I know she didn't have counsel She knew it was in the ether for sure And then the second issue is that they opened the door and she wasn't allowed to answer for that Testimony with with mr. Chamblee on direct so sham Sham she caught her lawyers crossed Chamblee, right? And they asked they asked Chamblee these questions. Did you? Demand that she altered the documents They asked they asked him a number of questions along when he testified they questioned him as to whether he was Forcing her to do certain things I'm out of time your honor. Can I of course question? I know that there was direct from the government with regard to those and what I cite in my brief and all of the questions And answers about did you threaten her? Did you tell her you? I'm looking at the transcript that says cross. Well, there may have been cross-examination follow-up to that. Yes, you're both They're both so Chamblee was asked about these things Chamblee was was subject to cross-examination. No question Yes Thank you Thank you Good morning, your honors may please the court James Chapman for the United States I'd like to begin where we left off if that's acceptable to the court with the discussion of miss McKinnon's testimony and the courts questions hit exactly on the relevant points on this topic and that is that The district court certainly precluded her from presenting a duress defense based on the application of the singleton factors After requiring a prima facie a proffer as to the prima facie case as to the five elements However, the district court made absolutely no prohibition on this intent Miss McKinnon testifying to her own intent and one of how do we know that? The language that I was talking about with your friend on the other side Could be a little more clear as to what the exactly what the court was deciding vis-a-vis her testimony your honor so I think the language that judge Reeves used was That she was precluded from presenting such testimony in the context of the discussion of this of a duress defense And so judge Blomkast as you asked, you know Was there a discussion of presenting the testimony for another purpose other than the duress defense there was not and there there's really a fundamental difference between presenting a an affirmative defense of duress Versus denying an element of the crime denying your intent because when you're presenting an affirmative defense of duress You're admitting that the elements of the crime have been established But you're arguing there's something affirmative. There's something extra That excuses or justifies my actions That's what she was attempting to do in this case I can point the court to the fifth day of Trial and at the end of the fifth day of trial miss McKinnon's attorney Specifically said I will seek to be requesting a duress instruction there miss McKinnon's defense that trial was a duress defense now that When push came to shove she was not able to meet the elements of that and so it was precluded But there was no prohibition on testifying to her intent Can I ask just as a matter of practice Yes, did these things ever come up before trials their reason? I mean this this kind of unfolded in an unusual way where we have opening statements about it Then we have a witness that kind of testifies about it and we get to day six And now we just we the district court says, okay now we're gonna check on these singleton factors and see You know if this duress defense could come in presumably especially from the opening and from The testimony at the beginning of the trial people knew this was coming and knew it was coming even prior to trial So your honor, we actually didn't know it was coming prior to trial Miss McKinnon had not filed a motion in lemonade to judge the Potential for her. Yeah so there was no pretrial motion practice on this topic and It actually came as a complete surprise to the United States I I personally did this trial with co-counsel, but I was a personal participant in this trial and I can tell you When she went down that path in her opening statement, I was sitting there flabbergasted I had no idea that this was coming She had not raised it in a pretrial motion They had not disclosed the letter that set out, you know similar topics. So we didn't know We didn't have that letter in our possession to anticipate a defense along this path So could it have been done pretrial? Absolutely. It just wasn't I think miss McKinnon was being strategic and seeking an element of surprise in the case And her attorney actually made that point in her opening statement She said, you know there she said there's a whole part to this case that the government doesn't even know about If At this point I'll switch to mr. Vance if there are no further questions as to miss McKinnon. All right So mr. Vance's argument this morning focused primarily on the admissibility of miss McKinnon's letter and As your honors know from the briefing there are numerous grounds to reject this argument First the district court excluded the letter on three different bases. Mr. Vance only addressed one of them in his opening brief So the other two are waived under this court's case law Even if you address those both of those independently are Reasons to affirm the decision below First the district court certainly acted within its discretion to prevent. Mr. Vance from reopening his case-in-chief It has to be yes to give a reasonable Explanation for reopening and he simply doesn't have one here that it's reopening is normally done for issues of technicalities like like Is it did the crime happen in Fayette County, Kentucky in his Fayette County, Kentucky in the Eastern District of Kentucky? technicalities like that it's not something aimed at something that he claims to be so central to his case and I think the reason he gave this morning was well, I was intending to introduce this through cross-examination of miss McKinnon well Your honors that that just doesn't fly if you don't leave something so allegedly critical to your case to Potential admission through a witness who has an absolute right not to testify Right. There's absolutely no guarantee that miss McKinnon was going to take the stand So he they would not be reasonable to wait and for something that has no guarantee of happening to put this letter in Miss McKinnon actually did testify at this trial anyway And he didn't even attempt to introduce the letter through her when she was on the stand. So it doesn't it just doesn't hold water The Mr. Vance also said here this morning that the judge Excluded the letter based on an assessment of its reliability. That's simply not true We might have gotten into the reliability topic if mr. Vance had raised the chambers issue below But he didn't he rate he's raising that on the first time for the first time on appeal and on chambers, I would simply say This court and the Supreme Court itself has essentially limited chambers to its facts said it was highly specific case correction the the very specific service circumstances of that case involving a Recanted confession numerous witnesses who would corroborate that can that confession Though all those circumstances in combination multiple evidentiary errors in combination lead Led to the reversal there. It's completely Separate and distinct from the scenario here Of course though before you even get the chambers the letter is hearsay I don't think there's really any reasonable dispute about that. It's an out-of-court statement That's being introduced for the truth of the matter asserted in the statement. It's a classic hearsay I think his only argument in his reply brief. That is was that it was a A Statement against interest or one of those exceptions, of course, it wasn't a statement against interest It was McKinnon attempting to defend herself against the case as well Basically in the letter she said Mr. Vance didn't know what was happening And I was only doing what I was doing based on pressure for mr. Chambly. So the letter was designed to Immunize both. Mr. Vance and miss McKinnon for many liability and instead put it all on. Mr. Chambly so So it's not a statement against interest. It's actually a statement directly in her interest. So it's clearly Clearly qualifies as hearsay Chambers doesn't apply because it's been limited essentially to its facts and then even if you do apply to chambers There's it's not sufficiently reliable for all the reasons I said in my brief and it's also Not crucial to his defense because all it would have done is corroborate his own testimony and the case law says that's not sufficient and Very briefly unless your honors have any questions on that topic very briefly on the loss amount First on miss Faber the district court followed the evidence that sentencing to Concerning miss Faber the evidence that sentencing was that her loss was approximately five hundred thousand dollars that came From sources other than the bank statements that we had that came from her investing Money that she had set aside for her retirement that came from her giving Vance money that she had put I Think I think literally I don't think this was proverbially under the mattress And it came from her giving Vance her credit cards So all of that The court followed the testimony at sentencing and found that loss amount as to miss Faber now The fact it is certainly true that she did not consider herself to be a victim in this case And unfortunately your honors, that's that's all too common in a Ponzi scheme case like this because she had received some Ponzi style returns and She was Convinced that you know, they were by they miss mr. Vance and miss McKinnon that they were acting in her best interest unfortunately some people That's a mindset that comes up in especially in these Ponzi scheme style cases But legally there's no requirement that a person subjectively believe themselves to be a victim it's simply whether they've suffered pecuniary harm as a result of the offense and here she clearly did and finally, I Don't really Know what? Mr. Vance meant by there a dispute about the start date of the loss amount I think what he was referring to was you the date that was used to Calculate the amounts to reduce from loss Because that the date on which the offense was discovered by a victim. Mr. Dewar But there I can tell the court the court can review the PSR the sentencing transcripts the trial transcripts There's no dispute about when this offense started or when the loss amount began to accrue Unless your honors have any further questions I think so. Thank you. Thank you Briefly and if it may please the court With respect to the introduction of the letter First of all, I'm speculating as to why it wasn't introduced I think if I was counsel at trial I would expect the letter to be introduced by my co-defendant because We've been talking about it and there's a letter and the defenses were were collaborating to some degree I Think the fact that it came up as a surprise Later that it was not allowed to be admitted It pointed out a Decision that maybe counsel should have made earlier to try to introduce it at during his testimony however, it still should have been introduced because as counsel put points out Miss McKinnon did testify it could have been Introduced at that point but the court's order made it very clear that that letter was not coming in period When the court addressed this and I and and I if I need to send a letter with the citations But I believe the citations are in the brief The court very clearly found that at least based upon the government's argument that it was unreliable that it was unreliable that it couldn't be introduced that it was That on top of the fact that that the defendant had already rested his case So when it comes to Miss McKinnon testifying there's no ability to introduce that letter at that point At least no reasonable opportunity for counsel to have done. So so I can't fault counsel for doing that You know, the fact is the letter existed it provided cooperating evidence concerning His activities and lack of knowledge Explained why he didn't know it didn't more than just exonerate him It provided reasons to the jury and it would have made a difference and with that we would ask that the convictions be vacated And also if not the the sentence be vacated and remanded for a new sentencing proceeding. Thank you your honors Your Honors good morning again. Thank you counsel or a Your honor judge Raylor. You'd mentioned the cross-examination testimony Taken from Chamblee. I went back and reviewed it. You are correct. There was a direct question about whether mr. Chan. Mr. Chamblee choked ms McKinnon and he denied that there was one other question I saw about whether she had been assaulted in a hotel room not specific to him And I believe he testified he wasn't aware of that so there was some testimony related to that that seemed to be the extent of the testimony relative to the threats and the harassment with regard to that I'll sort of dovetail to the singleton factors and the standard there, you know The all the cases cited by the government would make this point. We try to make this point at least in our brief our circumstances in which either defendants did not testify chose not to upon a court's ruling or Did testify and the court reviewed sufficiency of evidence or the applicability of the duress defense? But none of those cases stand for the proposition that you get to prohibit testimony So we do not think that the court was was permitted to do so leaving aside judge Rayler's observation as to what that Determination might have been what the court actually ordered. I do think everybody in the room acted in accordance with a Fair-understanding that they ought not go into the specifics And by that, Ms. McKinnon ought no not go into the specifics of the duress defense that he had found lacking And so that would I think necessarily Implicate the specific allegations of the threat and it is those things that would uncouple the purpose for which The actions could well have been taken There was a question before about state of mind in answer to that. I think it's more It's more impactful than that. It is an element the purpose for which the Misrepresentations have been undertaken is an element of the defense of the crime And so here unlike in a 922 G situation that has to be proven by the government. That's what I have Okay. Thank you very much. Thank you arguments. Thank you. But to thank all counsel, especially appellants counsel. You're both Appointed and serving the court under the criminal justice acts. We appreciate your service to the courts. Very helpful Oh you were Well, I'm not gonna take it all back, but we still appreciate your service, but I Was appointed no, it's my it's my honor. Okay. Well even appellate judges make errors occasionally also, so you'll grab me some abusive discretion On that but thank you all for your service. The case will be submitted. Thank you